KIRKHAM, MICHAEL & ASSOCIATES,
INC., et al., Appellants,

v.

The TRAVELERS INDEMNITY COM-
PANY et al., Appellees.

No. 73–1676.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1974.

Decided March 5, 1974.

Rehearing Denied March 25, 1974.

William G. Campbell, Omaha, Neb.,
for appellants.

Sam W. Masten, Canton, S. D., for
appellees.

Before MATTHES, Senior Circuit
Judge, and HEANEY and BRIGHT,
Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of
the United States District Court for the
District of South Dakota, determining
that defendant insurance companies
were not liable under certain insurance
policies. The trial court's opinion is re-
ported at 361 F.Supp. 189.

Plaintiff-appellant, Kirkham, Michael
& Associates, Inc. (KMA), a South Da-
kota engineering and architectural firm,
instituted this declaratory judgment ac-
tion in order to determine the scope of
coverage of a Travelers Indemnity Com-
pany comprehensive general liability pol-
icy issued to KMA for the year 1966.
Travelers had previously denied cover-
age under the policy and had refused to
defend KMA in a suit· filed in state
court by the City of Rapid City, South
Dakota, alleging, inter alia, negligence
on the part of KMA in the design, prep-
aration of plans and specifications, and
supervision and inspection of the mate-
rials and work in connection with the
construction of the City's sewage treat-
ment plant.

Conjoined with KMA as plaintiffs
were the Continental Casualty Company,
KMA's professional liability insurer, and
the Maryland Casualty Company, an is-
suer of a comprehensive general liability
policy to KMA in 1965.

Prior to trial, the district court or-
dered the realignment of the Maryland
Casualty Company as a party defendant
and the introduction of the City of Rap-
id City, South Dakota, as an involuntary
plaintiff.

The policy issued by Travelers to
KMA in 1966 agreed:

To pay on behalf of the insured all
sums which the insured shall become
legally obligated to pay as damages
because of injury to or destruction of
property, including the loss of use
thereof, caused by accident.

With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient * * *.

With respect to the period of coverage, the policy provided: "This policy applies only to accidents which occur during the policy period * * *." While excluding professional liability arising from defects in maps, plans, designs or specifications, the policy did not exclude professional liability arising from supervisory or inspection services.

Travelers conceded that an "accident," within the meaning of the insurance policy, had occurred. The question presented by the case was whether the accident occurred when KMA allegedly negligently supervised and inspected the construction of the plant, within the coverage period of the 1966 policy, or when the sewage treatment plant was tendered to the City, beyond the coverage period of the 1966 policy.[1]

The trial judge found:

It is the damage incurred by "accident" that triggers the policies' coverage, not the preceding wrongful acts. A thorough reading of the complaint discloses that the City sustained actual damages or injury by accident when the alleged defective facility was turned over for possession and operation.

Kirkham, Michael & Associates v. Travelers Indemnity Co., 361 F.Supp. 189, 193 (D.S.D.1973).

In his memorandum decision, the trial judge conscientiously explored the facts of the case, the contentions of the parties, and the applicable law. We find ourselves in agreement with the trial judge, and on the basis of his opinion, affirm the judgment in favor of defendants.

1. The 1967 Travelers policy in effect at the time the plant was turned over to the City contained a broader exclusion of professional liability than that contained within the 1966 policy. KMA concedes in its brief on appeal that this exclusion forecloses coverage under the 1967 policy.